UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                                            **CASE NO.: 1:02-CR-024-SPM**

**NATHANIEL WILLIAMS,**

    **Defendant.**

_____/

**ORDER DENYING MOTION TO CORRECT OR MODIFY
AND RECONSIDER SENTENCE**

**THIS CAUSE** comes before the Court upon the following motions, all filed by Defendant: the "Motion to Correct Pre-Sentence Report; Motion for Leave to Assert Objections to the Pre-Sentence Report; and Motion for Re-sentencing" (doc. 273); the "Motion to Withdraw" (doc. 274); the "Motion for Evidentiary Hearing on Plaintiff's [sic] Motion to Correct Pre-Sentence Report; Motion for Leave to Assert Objections to the Pre-Sentence Report; and Motion for Re-sentencing" (doc. 379); and the "Motion to Withdraw Attorney and for the Appointment of New Counsel" (doc. 380).  It appears that the latter two motions (docs. 379 and 380) refer to issues raised in the first two motions (docs. 273 and 274) but not ruled upon.

All motions center around objections to the presentencing report ("PSR").

On November 8, 2002, defense counsel filed eight objections to the PSR (doc. 243). At sentencing, counsel withdrew five objections and announced that the Government had conceded to two, leaving only the issue of whether an enhancement should be applied for Defendant's role as an organizer or leader in the offense. *See* Tr. of Sentencing Hr'g held Dec. 9, 2002. The Court sustained that objection and sentenced Defendant to 200 months (which was later reduced to 110 months pursuant to a Rule 35 motion, *see* doc. 359).

Counsel later filed a motion admitting that he failed to inform Defendant of his intent to withdraw certain objections and that Defendant was not aware of counsel's intentions at the time of sentencing (doc. 273). Counsel stated that although his decision was a tactical one, he never made the pros and cons of that decision clear to Defendant (doc. 274 at 2). The motion acknowledges that these objections, if sustained, would have had a substantial impact on the sentencing guidelines applicable to Defendant's case. Based on these admissions, counsel also moved to withdraw from the case (doc. 274).

Claims relating to the ineffective assistance of counsel are properly raised in a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. *See* United States v. Butler, 41 F.3d 1435, 1437 n.1 (11th Cir. 1995)(*citing* United States v. Griffin, 699 F.2d 1102, 1107-08 (11th Cir.1983)).[1] Because the claims raised in

---

[1] To the extent that Defendant complains about the PSR itself, when a defendant has had an opportunity to object at sentencing and has failed to do so, raising such objections post-sentencing is too late. United States v. Peloso, 824 F.2d 914 (11th Cir. 1987). The Court notes that Defendant does not complain of any errors inherent in the PSR; rather, he argues that the numbers therein would have changed if he had raised his additional objections and those objections had been sustained. As to Defendant's contention that the Probation Office misstated

the instant motion relate to counsel's failure to assert a number of objections to the PSR, thereby affecting Defendant's guideline range, the Court finds that they are not appropriate for consideration here.

As to the motion to withdraw and appoint new counsel, "a person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings."  18 U.S.C. § 3006A(c).  Because no appeal was taken in this case, counsel's duties have effectively concluded.  If Defendant chooses to pursue a § 2255 motion, he may at that time raise the issue of appointing counsel to represent him for the purpose of pursuing post-conviction relief.  Accordingly, it is

**ORDERED AND ADJUDGED** that the motions filed by Defendant (docs. 379 and 380) and counsel (docs. 273 and 274) are hereby *denied*.  The denial is without prejudice to Defendant's right to raise the issues in the proper forum.

**DONE AND ORDERED** this <u>fifteenth</u> day of November, 2005.

                          *s/ Stephan P. Mickle*
                          Stephan P. Mickle
                          United States District Judge

/pao

---

the guidelines range at sentencing, Probation's estimate was correct, as it was made <u>before</u> the objection as to role in the offense was sustained.