IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


UNITED STATES OF AMERICA

v.                                                    CASE NO. 1:02-cr-00024-SPM-AK

NATHANIEL WILLIAMS, JR.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

     This matter is before the Court on Doc. 382, Motion to Vacate under 28 U.S.C. § 2255,

by Nathaniel Williams, Jr.  The Government has filed its response, Doc. 385, and Defendant has

filed his reply.  Doc. 388.  This cause is therefore in a posture for decision.  Having carefully

considered the matter, the Court recommends that the motion to vacate be denied.

     Defendant pled guilty to conspiracy to possess with intent to distribute and to distribute

more than 5 kilograms of a substance containing cocaine and more than 50 grams of a substance

containing cocaine base.  In pleading guilty, Defendant acknowledged that, if the case were to

proceed to trial, the Government would be able to prove that during the relevant time period

Defendant received "approximately 50 kilograms of cocaine" from Central Florida sources and

"at least 20 kilograms of cocaine in powder or crack form" from the co-defendant Haymon but

reserved the right to "offer additional evidence relevant to sentencing issues...."  Docs. 146 &

147.

     Before sentencing, Defendant's counsel, Stan Cushman, filed various objections to the

Presentence Report, including objections to the drug weights (Defendant maintained that he dealt

in not more than 20 kilograms of crack during his "entire life" and not more than 50 kilograms in

powder cocaine from 1988-1999) and to Defendant's role in the conspiracy.  Doc. 243.  At

sentencing, Mr. Cushman immediately withdrew his objections to the drug weights but

persevered in the role objection.  Doc. 385, Ex. A at 3.  Counsel successfully argued for a 2-

point adjustment in the assessment for Defendant's role in the conspiracy, and thus, Defendant's

total offense level, without any other adjustments, fell from Level 39 to Level 37, putting his

Guidelines range at 324-405 months.[1]  The Court granted the Government's 5K1.1 motion and

sentenced Defendant to 200 months imprisonment.  *Id*. at 10-11.  Judgment was entered on

December 13, 2002.  Doc. 269.

Four days later, counsel, Stan Cushman, filed a "Motion to Correct Pre-Sentence Report;

Motion for Leave to Assert Objections to Pre-Sentence Report; and Motion for Re-Sentencing,"

Doc. 273, and a separate motion to withdraw.  Doc. 274.  As grounds for these motions, counsel

admitted that he "neglected" to inform Defendant that he was withdrawing certain objections to

the PSR that "centered around the amount of cocaine and cocaine base assigned to this

Defendant," which resulted in Defendant "not being fully informed of the intent of his

attorney...."  Doc. 273 at 2.

On February 11, 2004, the Court granted the Government's Rule 35 motion and reduced

Defendant's sentence to 110 months.  Doc. 359.  On August 14, 2005, Defendant inquired

regarding the status of counsel's post-sentencing motions.  Doc. 378.  He then filed a *pro se*

motion for evidentiary hearing on the post-sentencing motions and another motion to allow

---

[1]The record is not clear that these were the Court's final calculations.  Indeed, even after
sustaining Defendant's objection to his role in the conspiracy, the Court stated that "prior to the
filing of the government's [5K1.1] motion, [Defendant was] facing a guideline range of from 360
months to life imprisonment."  Doc. 385, Ex. A at 10.

Cushman to withdraw and to appoint new counsel.  Docs. 379 & 380.

On November 15, 2005, the Court denied the motion to correct or modify and to reconsider sentence.  Doc. 381.  In reaching that conclusion, the Court found that because Defendant was given the opportunity to raise objections to the PSR at sentencing, "raising such objections post-sentencing is too late."  *Id*. at 2 n.1.  Furthermore, because the claims raised in the motions related to actions taken by counsel, they were "not appropriate for consideration here" but were more properly raised in a motion to vacate.  *Id*. at 2-3.  The Court then found that because no appeal was taken in this case, Mr. Cushman's duties had "effectively concluded" and advised Defendant that if he filed a § 2255 motion, he could request appointment of counsel in connection with that proceeding.  *Id*. at 3.[2]

The instant motion to vacate was filed on February 8, 2006.  As an initial matter, the Government maintains that the motion is untimely.  Alternatively, the Government argues that Defendant has suffered no prejudice from counsel's actions.

## DISCUSSION

1.      Timeliness.

Section 2255 provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

---

[2]The Court also noted that the probation officer's answer to the Court's inquiry regarding Defendant's Guidelines range was made before the objection to the role assessment was sustained, and thus, the officer did not misstate the range.  *Id*. at 2 n.1.  As previously noted, however, it appears the Court may have continued with the 360 month to life range in mind, rather than the adjusted range.

move the court which imposed the sentence to vacate, set aside or correct the
sentence.

28 U.S.C. § 2255.  "A 1-year period of limitation shall apply to a motion under this section."  *Id.*

The one-year limitations period

shall run from the latest of–

 (1) the date on which the judgment of conviction becomes final;

 (2) the date on which the impediment to making a motion created by
governmental action in violation of the Constitution or laws of the United States
is removed, if the movant was prevented from making a motion by such
governmental action;

 (3) the date on which the right asserted was initially recognized by the Supreme
Court, if that right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

 (4) the date on which the facts supporting the claim or claims presented could
have been discovered through the exercise of due diligence.

*Id.*  The pertinent inquiry here involves subsection (1) only, as none of the other subsections

apply.

Ordinarily, a criminal defendant has ten days from the entry of judgment to file a notice

of appeal.  Fed. R. App. P. 4(b)(1)(A).  The timely filing of a motion for reconsideration or for

rehearing, while not expressly contemplated under the Federal Rules of Criminal Procedure,

"tolls the time for filing a notice of appeal and the time begins to run anew following disposition

of the motion."  *United States v. Vicaria*, 963 F.2d 1412, 1413-14 (11th Cir. 1992).  A motion for

reconsideration must be filed "within the period of time allotted for filing a notice of appeal in

order to extend the time for filing the notice of appeal."  *Id.* at 1414.

In this Court's view, counsel's motions, which were timely filed within ten days of entry

of judgment, sought reconsideration of decisions made by the Court at sentencing.  Indeed, in

denying the post-sentencing motions, the Court itself construed the motions in that light.

Consequently, the time to appeal the judgment was tolled until after the Court's ruling on the

motions.[3]  Defendant did not thereafter file a notice of appeal, to which he was clearly entitled,

and his conviction therefore became final ten days after the entry of the Court's order denying

the post-sentencing motions.  Because Defendant then filed the instant motion to vacate within

one year of the date of finality, the instant petition is timely.

      2.      Ineffective assistance of counsel.

    Defendant claims that counsel rendered ineffective assistance when he failed to advise

Defendant that he planned to withdraw the objections to the PSR which dealt with Defendant's

"assertion that he did not traffic in the weights or powder cocaine, and particular[ly], cocaine

base" attributed to him in the PSR.  Doc. 382, Mem. at 6.  While Defendant acknowledges that

he originally faced a mandatory life sentence because of his prior felony drug record, in his view,

once the Government sought the 5K1.1 reduction in sentence, the amount of cocaine attributed to

him "would substantially reduce the guideline sentence range affecting [him]."  *Id*. at 6-7.

According to Defendant, he and counsel did not discuss waiving the objections and "the pros and

cons of withdrawing them as a tactical consideration were never made manifest to [him]."  *Id*. at

7.  In Defendant's estimation, if counsel had pursued the weight objections, he would have been

sentenced based either on 20 kilograms of cocaine or on 5 kilograms of cocaine and 50 grams of

cocaine base, as charged in the Superseding Indictment.  Doc. 388 at 2.  Based on these amounts,

---

[3]The Court does not believe that the subsequent order amending the judgment changes this result as the post-sentencing motions remained unresolved for almost two years even after the Rule 35 motion was granted and judgment was amended.

Defendant would have faced a maximum sentence of 262 months.[4]  However, with the withdrawal of the objections, Defendant was improperly assessed, according to him, with amounts revealed during the Rule 11 meeting.

Counsel acknowledged in his post-sentencing motions that he failed to discuss the withdrawal of the drug weight objections with Defendant but maintained that the decision to withdraw the objections "was a tactically advisable course of action" after "observing sentence being imposed on three others in the Indictment."  Doc. 274.  The three defendants sentenced before Defendant were Lisa Bryan, Shwana Hall, and Robert Haymon.  Bryan, who faced a Guidelines sentence of 188-235 months and a statutory minimum sentence of 10 years, received a 66-month sentence after the Court granted her a 5K1.1 reduction.  Hall received a 51-month sentence with no reduction for substantial assistance.[5]  Haymon, facing a Guidelines sentence of 360 months to life and a statutory minimum sentence of life imprisonment, received a 360-month sentence with the 5K1.1 reduction.[6]

Even if the objections to the drug weights had not been withdrawn and the Court had considered them, it does not believe that there is a reasonable probability that the outcome of the sentencing would have been different.  The drug amounts attributed to Defendant in the PSR

---

[4]For 20 kilograms of cocaine, the following calculation applies:  Base Offense Level 34 + 2 (role) - 3 (acceptance of responsibility) = Total Offense Level 33, Criminal History Category V = 210-262 months.
For 5 kilograms of cocaine and 50 grams of crack, the following applies:  Base Offense Level 32 + 2 (role) - 3 (acceptance of responsibility) = Total Offense Level 31, Criminal History Category V = 168-210 months.

[5]Shortly thereafter, Hall's sentence was reduced to 46 months, the bottom of the Guidelines range.  Doc. 262.

[6]Haymon's sentence was later reduced to 216 months after the Court granted him a Rule 35 departure.  Doc. 358.

were based on the statement of facts supporting the plea agreement--to which Defendant agreed

without any suggestion that they had an improper basis--and thus, Defendant's vague assertions

that he did not deal in as many drugs as the Government was prepared to prove at trial are as

unpersuasive now as they would have been at the time of sentencing. Consequently, the proper

Guidelines range of 324-405 months would have stood.[7] Thus, even starting from the lowest

sentence of 324 months, which was, in this Court's opinion, the lowest probable sentence which

Defendant faced under the circumstances, the Court initially granted Defendant a substantial

downward departure of 124 months–or over 10 years--for his assistance to the Government in

this case, and later reduced the 200-month sentence by another 90 months–over 7 years–so that

Defendant went from looking at a minimum Guidelines sentence of 324 months to 110 months, a

reduction of 214 months, or almost 18 years. In short, Defendant was not prejudiced by

counsel's withdrawal of the objections, and therefore, Mr. Cushman did not render ineffective

assistance as charged in this claim.

　　　　Defendant next argues that counsel failed to inform him that he had the right to appeal

and then failed to file the notice of appeal on his behalf. According to Defendant, counsel told

him that the Court "had not given him the right to appeal but only the right to file" the motions

which Mr. Cushman subsequently filed. The record plainly shows that Defendant was advised

of his right to appeal his sentence in the Plea Agreement, and that at the conclusion of

sentencing, the Court reminded him that he had the right to appeal, that he had the right to seek

leave to appeal without cost, and that he had the right to appointed counsel. Doc. 385, Ex. A at

---

[7]The only reason Defendant was not facing the mandatory life sentence was because the Government filed the 5K1.1 motion.

12-13.  However, because Mr. Cushman filed post-sentencing motions, including a motion to reconsider, the time for filing the appeal was tolled pending the Court's ruling thereon.  Thus, Defendant's time to appeal the conviction and sentence did not begin running until November 15, 2005.

When the Court denied the post-sentencing motions, it determined that for all practical purposes, Mr. Cushman's representation of Defendant had concluded since the time for appeal had expired without any appeal having been taken, but it did not allow him to withdraw from further representation.  However, as explained *supra*, the time for appeal actually had not expired, and Defendant was entitled to perfect an appeal with the assistance of counsel after the denial of the post-sentencing motions.  In this Court's mind, the question thus becomes not whether Mr. Cushman acted deficiently in 2002, when he filed the post-sentencing motions but did not file a notice of appeal, but whether he acted deficiently in 2005, when he did not file a notice of appeal at that time.

Having carefully considered the matter, the Court answers that question in the negative, as no reasonable attorney would have taken steps to consult with Defendant about perfecting an appeal or otherwise to file a notice of appeal on Defendant's behalf after being advised by the Court that the time to appeal had expired and that counsel's representation of  Defendant had "effectively concluded."  *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000) (discussing under what circumstances counsel is constitutionally required to consult with criminal defendant about appeal).

In his final charge of ineffectiveness, Defendant argues that counsel was ineffective for failing to protect his right against self-incrimination.  This allegation is related to the first claim

in that Defendant maintains that during a Rule 11 meeting with the Government, he "disclosed the amount of drugs that were in [his] possession for the instant offense, which was 20k."  Doc. 382, Mem. at 11.  He then told the Government "about two other drug dealers that [he] did drug transactions within the past" from whom he had bought "30k...and 20," for "a total of 70k."  *Id*. According to him, until that time, the Government "was not applying a specific amount of drugs that was in [his] possession for the instant offense," and it was only through his self-incriminatory statements that the Government was able to hold him accountable for the amounts stated in the PSR.  *Id*.  When Mr. Cushman withdrew the objections to the drug amounts, the Government was allowed to use these amounts against him in violation of his right against self-incrimination.

For the reasons previously stated, the Court does not believe that Defendant has established any prejudice flowing from counsel's actions or inactions.  The sentence which Defendant is now serving, 110 months, is substantially below even the sentence calculated by Defendant himself.  Using the "20k" figure, which appears to be the recurring drug amount, Defendant was, as the Court previously noted, *see supra* n.4, facing a sentence of 210-262 months.  He suggests that if the Court had started from that lowest figure of 210 months, then the initial 5K1.1 departure would have been greater than 10 months, perhaps even as much as the Court granted the co-defendant Bryan, and consequently, the subsequent Rule 35 departure would have resulted in less than the 110-month sentence he is presently serving.

This is pure speculation on Defendant's part.  Bryan never faced a mandatory life sentence as Defendant did, and thus, the starting point for her under both the Guidelines and the statute differed from that for Defendant.  Both the fact and the amount of any departure based on

2c9178c2e2c9cfe7

substantial assistance is within the Court's discretion, and the more probable outcome is that even if the Court had used the 210-month figure, it would not have granted the substantial departure Defendant suggests.  Defendant's situation is more akin to that facing the co-defendant Haymon, who, like Defendant, faced a mandatory life sentence.  When the Court sentenced Haymon, who also cooperated with the Government, it imposed the lowest end of the Guidelines range as the departure from the mandatory life sentence.  Defendant was also most certainly facing a mandatory life sentence in this case, and if 210 months had been the lowest end of the Guidelines range, then it is probable that the Court would have imposed a 210-month sentence, as the departure from the life sentence.  In that light, Defendant was hardly prejudiced by a departure which resulted in the original 200-month sentence.

Finally, to the extent that Defendant is asserting *Blakely/Booker* error, the argument is not well taken, as neither applies to matters on collateral review.  *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, Doc. 382, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this  *26th*  day of July, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

      **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**