UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CASE NO.: 1:02-CR-024-SPM

NATHANIEL WILLIAMS,

    Defendant.

_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Report and Recommendation (doc. 411) dated July 26, 2007.  The parties were furnished copies and were afforded an opportunity to file objections.   Defendant filed objections (doc. 412) on August 18, 2007. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court has made a *de novo* determination of those portions to which an objection has been made and will address each objection below.

Regarding objections one, three, six, nine, ten, eleven and twelve where defendant argues that there was a discrepancy between the amount of drugs that he pleaded to and the actual amount of drugs involved in his offense, this Court finds no merit.  Williams had an opportunity to object to the amount of drugs when he executed the Plea Agreement (doc. 146) and the Statement of Facts (doc. 147)

on which his conviction and sentence were based.  Williams did not do so.  Additionally, given the significant downward departure that Williams received at his sentencing, this court agrees with the rational and assessment of the Magistrate Judge and finds that Williams was not prejudiced by this difference in the amount of drugs for which he was sentenced and the amount of drugs that he now claims were actually attributable to him.

Regarding objections two, four, seven and eight, where Williams argues that he had no opportunity to file an appeal, this Court also finds no merit.  Williams had until ten days after the final ruling on his post-sentence motions to file an appeal.  This final ruling was filed on November 15, 2005 (doc. 381).  Williams moved to remove his attorney on September 1, 2005 (doc. 380).  Therefore, on the basis of Williams own request, he had no attorney at the time that he would have been in a position to request an appeal.   When filing his motion to vacate his sentence, Williams did not indicate the request for an attorney, as he had been advised by this court to do (see doc. 381 p. 3)  Furthermore, at the time of sentencing, on December 13, 2002, this Court personally informed Williams of his right to appeal.  It was Williams' responsibility to either request that counsel be appointed so that he or as he was instructed at his sentencing, to request the clerk of the court to file a notice of appeal on his behalf.

Regarding objection five, where Williams argues that the government failed to file a notice of sentencing enhancement, the defendant is mistaken.  The government did in fact file an Information and Notice of Prior Convictions on July 25,

2002, more than a month before the August 28, 2002 hearing in which Williams entered his guilty plea.  Therefore, this objection has no merit.

Even in light of the "Haines rule"[1], which prescribes a liberal construction of *pro se* inmate filings, Defendant's claims lack merit.  The magistrate judge carefully considered the factual history available to him in making his decision, and even considering all facts in the light most favorable to Defendant, the motion fails to state a claim for relief.  Defendant's objections do not rise to the level of showing entitlement to any relief. Defendant has not demonstrated any error in the magistrate's report or the findings contained therein.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 411) is adopted and incorporated by reference in this order.

2. Defendant's §2255 post-conviction motion (doc. 382) is hereby *denied*.

**DONE AND ORDERED** this twenty-fourth day of August, 2007.

  *s/ Stephan P. Mickle*
  Stephan P. Mickle
  United States District Judge

---

[1] Haines v. Kerner, 404 U.S. 519 (1972).